**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-01-288 |
| | § | |
| BRIAN MATTHEW STARR, | § | |
| | § | |
| Defendant, | § | |

**ORDER DENYING MOTION FOR CONCURRENT SENTENCE**

Pending before the Court is a letter motion filed by Defendant Brian Matthew Starr ("Starr") and received by the Clerk on September 3, 2008. (D.E. 80.) In it, Starr requests that the Court order that his sentence in the instant case run concurrent with a subsequently-imposed state sentence for unrelated offenses that was imposed in Case Nos. Cr. 2002-545 and Cr. 2001-724 in the Fourth District of the Circuit Court of Washington, Arkansas ("the Arkansas case").

According to Starr and the documents he has provided from the Arkansas case, the judge in the Arkansas case ordered that Starr's 240 month-sentence (imposed for four different offenses in two different docket numbers) run concurrent with his sentence in the instant federal case. (D.E. 80, Exhibit 1 at 4.) He explains that he served five and one-half years on that state sentence and was paroled to serve his federal sentence. Upon coming into the custody of the Bureau of Prisons ("BOP"), Starr says he learned for the first time that the BOP was not crediting the 5 ½ years spent in state custody toward his federal sentence. (D.E. 80 at 1.) He further asserts that he pleaded guilty in the state case "only because [his] lawyer said [he] would get a concurrent sentence. (D.E. 80 at 1.) In light of this background, he requests that this Court "send a judgment" to the BOP directing that his 5 ½ years in Arkansas custody be credited toward his federal sentence.

As a preliminary matter, the Court notes that the judgment in this case does not specify whether Starr's sentence is to run concurrent or consecutive to any state sentence. (See D.E. 55.) The Court was aware, however, that there was a pending parole violator's warrant pending in the Arkansas case at the time of sentencing. (See Presentence Investigation Report ("PSR") at p. 1 (referencing the fact that Starr was arrested by state authorities in May 2001) & ¶ 2 (when Starr was arrested for the instant federal offense, he was wanted on an Arkansas parole violation warrant).) The PSR also references the indictment against Starr in Case No. Cr. 2001-724, which was one of the two docket numbers in which Starr was sentenced to 240 months in the Arkansas case, noting that he remained under indictment in that case. (PSR at ¶ 37.)

It is clear, in the Fifth Circuit at least, that the Court has authority to order that a federal sentence run either concurrent or consecutive to a yet-to-be imposed state sentence. The Fifth Circuit has stated:

> Although the plain language of [18 U.S.C.] § 3584 suggests that the district court is without discretion to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence, we have found to the contrary. See United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.) (per curiam) (stating that under § 3584 the district court may order that a federal term of imprisonment run either concurrent with or consecutive to an anticipated state sentence).

United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); see also United States v. Hayes, 535 F.3d 907 (8th Cir. 2008) (holding district courts have such authority); United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (noting split in the circuits and that the Second, Fifth, Tenth, and Eleventh Circuits have concluded that a district court may impose a sentence to be served consecutively to a yet-to-be-imposed state sentence, while the Sixth, Seventh, and Ninth Circuits have concluded that it may not); United States v. Smith, 472 F.3d 222, 227 (4th Cir. 2006)

(concluding that a district court may not impose a sentence to be served consecutively to any later imposed sentence). At the time this Court sentenced Starr, it was aware of its authority to impose either a concurrent or consecutive sentence to his future state sentence as set forth in Hernandez.

The only remaining question, then, is whether the Court's silence in the judgment in this case means that the sentences run consecutively. On this issue, the Fifth Circuit has held as follows:

> Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different time, they will run consecutively *unless* the district court specifically orders that they run concurrently. 18 U.S.C. § 3584(a). ... A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively. Accordingly, [the defendant's] state and federal sentences ran consecutively, because the district court did not order otherwise.

Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original). See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Although the foregoing quotation from Free seems straightforward, its application is somewhat murky in a case, like this one, in which the state sentence has not yet been imposed at the time the federal sentence is imposed. The Free court was faced with a previously-imposed state sentence, not an anticipated one.

The reason this distinction matters is that an earlier sentence in § 3584(a) refers to "undischarged" sentences. The entirety of the provision reads as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the

3

> court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

At least two federal appellate courts have held that the third sentence of the provision, relied on in Free, must be read as a clarification of the first sentence, which refers to an "undischarged term of imprisonment." That is, those courts have held that the presumption of consecutive sentences is applicable only in cases where the federal sentence is being imposed and the defendant is already subject to another sentence, not in cases where a federal court is sentencing a defendant that is also subject to an *anticipated* state sentence. See United States v. Quintero, 157 F.3d 1038, 1040-41 (6th Cir. 1998); United States v. Clayton, 927 F.2d 491, 492-93 (9th Cir. 1991); see also McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998) ("As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.").

Although the Fifth Circuit has not issued a published decision in which it applied the presumption of consecutive sentences in a case where the federal sentence was imposed and then a *subsequent* state sentence was imposed, the combined force of Hernandez, Brown, and Free suggests that the presumption applies. Moreover, at least one unpublished Fifth Circuit decision has so held. Aldridge v. Wendt, 149 Fed. Appx. 253, 2005 WL 2055929 (5th Cir. Aug. 26, 2005).[1] Numerous lower courts within the Fifth Circuit have also applied the rule in Free to hold that the

---

[1] The factual background of the case is set forth in the magistrate judge's recommendation, Aldridge v. Wendt, 2004 WL 1217934 (N.D. Tex. June 3, 2004), which was adopted by the district court, Aldridge v. Wendt, 2004 WL 1368275 (N.D. Tex. June 16, 2004).

failure of the federal sentencing court to specify that the federal sentence is to run concurrently to an anticipated state sentence results in the designation of a consecutive sentence. See, e.g., United States v. Kellogg, 2006 WL 1312479, *2 (W.D. La. May 11, 2006); Lisby v. Joslin, 2005 WL 3148607, *2 (N.D. Tex. Nov. 22, 2005).

In the absence of any published authority from the Fifth Circuit directing the Court on this issue, the Court concludes that Aldridge and the lower court decisions cited above are persuasive and consistent with Fifth Circuit authority. Thus, the silence of the judgment in the instant case implicates the rule in Free. Starr's federal sentence was ordered to run consecutively to his future state sentence or sentences, not concurrently.

Having determined that the judgment orders that Starr's sentence be served consecutive to any future state sentence, his request that this Court run the sentences concurrent can only be construed as a motion to alter or reduce his sentence. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Starr fails to assert grounds for modification that fall into any of the categories. Therefore, the Court does not have authority to alter his sentence and his motion for concurrent sentences (D.E. 80) is DENIED.

To the extent that Starr wishes to challenge the manner in which the Bureau of Prisons is computing his sentence, the proper vehicle for such a challenge is a motion pursuant to 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).  See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit to sentence under § 2241).

Even if Starr's motion were construed as a § 2241 motion, he has not shown that he has exhausted his administrative remedies.  The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence.  United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).  Starr's motion does not allege that he has exhausted his administrative remedies, and he would need to so allege in any § 2241 petition he files.  Moreover, any § 2241 petition must be filed in the district where Starr is incarcerated.  Assuming he remains incarcerated in USP McCreary, located in Pine Knot, Kentucky, jurisdiction over any § 2241 petition filed by Starr would be proper in the United States District Court for the District of Kentucky, not in this Court.

## **CONCLUSION**

For the foregoing reasons, Starr's letter motion is construed as a motion to reduce his sentence and is DENIED.

It is so ORDERED this 11th day of September, 2008.

_____
Janis Graham Jack
United States District Judge